**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4029
_____

EMERALD COAL RESOURCES LP,
                                        Petitioner

v.

RONALD M. HOY; MARK A. FRANKS;
FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION;
SECRETARY OF LABOR,
                                        Respondents
_____

No. 14-4736
_____

EMERALD COAL RESOURCES, LP,
                                        Petitioner

v.

SECRETARY OF LABOR; MINE SAFETY AND HEALTH ADMINISTRATION;
FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION,
                                        Respondents

On Appeal from the Federal Mine Safety and Health Review Commission
(Nos. PENN 2012-250-D, PENN 2012-251-D, PENN 2013-305, & PENN 2013-306)
Administrative Law Judge: Judge Margaret A. Miller

Argued: June 24, 2015

Before:  CHAGARES, KRAUSE, and VAN ANTWERPEN, <u>Circuit Judges</u>.

(Filed: August 6, 2015)

———————

OPINION[*]

———————

R. Henry Moore, II, Esq. [ARGUED]
Patrick W. Dennison, Esq.
Jackson Kelly PLLC
Three Gateway Center
Suite 1500
401 Liberty Avenue
Pittsburgh, PA 15222
    *Attorneys for Petitioner*

Laura P. Karr, Esq. [ARGUED]
United Mine Workers of America International Headquarters
18354 Quantico Gateway Drive
Suite 200
Triangle, VA 22172

John T. Sullivan, Esq.
Federal Mine Safety & Health Review Commission
1331 Pennsylvania Avenue, N.W.
Suite 520N
Washington, DC 20004

Arthur R. Traynor, III, Esq.
United Mine Workers of America
18354 Quantico Gateway Drive
Suite 200
Triangle, VA 22172

Samuel Charles Lord, Esq. [ARGUED]
U.S. Department of Labor
Office of the Solicitor
1100 Wilson Boulevard
22nd Floor
Arlington, VA 22209
    *Attorneys for Respondents*

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

CHAGARES, Circuit Judge.

Emerald Coal Resources, LP ("Emerald") petitions us for review of the decision of the Federal Mine Safety and Health Review Commission ("the Commission") reviewing a determination by an Administrative Law Judge ("ALJ") granting relief to Mark Franks and Ronald Hoy under the Federal Mine Safety and Health Act of 1977 (the "Mine Act" or the "Act"), 30 U.S.C. § 815(c)(1). The Commission issued a split decision in which two commissioners voted to affirm on the ground that substantial evidence supported the ALJ's finding that Emerald committed discrimination in violation of section 105(c)(1) of the Act; two commissioners voted to affirm on the ground that Emerald interfered with employees' rights in violation of the same provision; and one commissioner voted to reverse, arguing that there was no violation of the Act. For the reasons that follow, we hold that the Commission failed to set forth a rationale amenable to review under SEC v. Chenery Corp., 332 U.S. 194, 196 (1947), and so we will grant the petition for review, vacate, and remand in order to give the Commission an opportunity to do so.[1]

I.

Because we write exclusively for the parties, we set forth only those facts necessary to our disposition. The genesis of this case is Emerald's decision to suspend employees Franks and Hoy for one week without pay after they both refused during a Mine Safety and Health Administration ("MSHA") investigation and a subsequent

[1] This is a consolidated appeal of No. 14-4029, the petition for review of the Commission's decision, and No. 14-4736, the petition for review of the civil penalties assessed against Emerald by the Commission under 30 U.S.C. § 820(a). Because, for the reasons discussed herein, we will vacate the Commission's decision and remand for further consideration, we will also vacate the civil penalties assessed.

3

internal investigation to disclose the name of a worker they said was operating unsafely. The collective bargaining agreement between Emerald and the United Mine Workers of America ("UMWA") provides that the Local Union Mine Health and Safety Committee has a right to perform safety inspections and a responsibility to report unsafe conditions to management. (Hoy Br. Ex. B). In July and August of 2011, Franks and Hoy told a member of the Safety Committee, David Moore, that they had concerns that a fireboss – a worker who inspects conveyor belts to make sure they are free of coal – was inadequately inspecting the conveyor belts. In the proceedings below, Franks and Hoy testified before the ALJ that Moore knew the fireboss to whom they were referring.

In September of 2011, the MSHA received an anonymous complaint about conditions at one of Emerald's mines, including the complaint that a fireboss was conducting inadequate inspections. The MSHA sent an inspector to Emerald, who spoke to Franks and Hoy, among others. Both Franks and Hoy said they knew the identity of the offending fireboss but refused to give his name. When he was questioned, Hoy said that he had spoken to Moore about the fireboss's inadequate inspections and that Moore knew the fireboss's identity. The MSHA did not find evidence that firebosses had failed to inspect the conveyor belts. After the MSHA investigation was complete, Emerald conducted its own investigation.

During this investigation, Emerald management, including compliance manager William Schifko, questioned Franks and Hoy separately several times. Both refused to identify the fireboss and said they had already given the information to Moore. Schifko also testified before the ALJ that during the MSHA investigation, another miner, Cole,

4

complained of insufficient inspections during specific shifts. Schifko testified that Cole later recanted these complaints after the MSHA investigation had concluded. When Hoy and Franks refused to name the inspector, they were each given a seven-day unpaid suspension.

Franks and Hoy, through the UMWA, filed a complaint of discrimination and interference under 30 U.S.C. § 815(c). Following a hearing, the ALJ found that the suspensions of Franks and Hoy violated the Mine Act's discrimination prohibition, section 105(c)(1), 30 U.S.C. § 815(c). The ALJ did not rule on the interference allegations.

The Commission affirmed the ALJ's order that Franks and Hoy were entitled to back pay from Emerald and denied discretionary review of the ALJ's assessment of civil penalties, thereby making that assessment final. The Commission's review of the ALJ's discrimination decision resulted in three separate opinions. Two of the five commissioners – Young and Cohen – upheld the ALJ's decision on the ground of discrimination, while two – Jordan and Nakamura – upheld it on the ground that Emerald's action constituted interference. Commissioner Althen dissented and found that there was no discrimination or interference. We discuss these opinions in more detail below. Emerald timely filed its petitions for review.

II.

The Commission had jurisdiction pursuant to 30 U.S.C. § 815(d), and we have jurisdiction under section 106(a)(1) of the Mine Act, 30 U.S.C. § 816(a)(1). See also Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 208 (1994). We review the

5

Commission's legal conclusions de novo, and we defer to its findings of fact if they are supported by substantial evidence in the record. See Cumberland Coal Res., LP v. Fed. Mine Safety & Health Rev. Comm'n, 515 F.3d 247, 252 (3d Cir. 2008).

Crucially, our review of an agency's action is limited to the rationale the agency employs. "[A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency." Chenery, 332 U.S. at 196. See also Konan v. Att'y Gen. of U.S., 432 F.3d 497, 501 (3d Cir. 2005). Where the agency fails to articulate a rationale, the reviewing court may remand to allow the agency to set forth a rationale supporting its decision. See Oil, Chem. & Atomic Workers, Int'l Union v. NLRB, 46 F.3d 82, 85 (D.C. Cir. 1995).

III.

A.

Section 105(c)(1) of the Mine Act provides that employers may not

> discharge or in any manner discriminate against or cause to be discharged or cause discrimination against or otherwise interfere with the exercise of the statutory rights of any miner . . . because such miner . . . has filed or made a complaint under or related to this chapter.

30 U.S.C. § 815(c)(1). In order to make a prima facie case for discrimination under this provision, a miner must show that (1) he engaged in protected activity; (2) the employer took an adverse action against him; and (3) the adverse action was motivated in part by the protected activity. See Turner v. Nat'l Cement Co. of Cal., 33 F.M.S.H.R.C. 1059, 1064 (2011). An employer may rebut the prima facie case by showing either that no

6

protected activity occurred or that the adverse action was in no part motivated by protected activity. Id. Alternately, the employer may defend itself by showing that though it was motivated by the protected activity, it was also motivated by a miner's unprotected activity and would have taken the adverse action based on that unprotected activity alone. See Sec'y of Labor on behalf of Robinette v. United Castle Coal Co., 3 F.M.S.H.R.C. 803, 817–18 (1981).

The ALJ found that Emerald had a policy of allowing workers to bring safety concerns to the union representative, and that Franks and Hoy engaged in protected activity by doing so and by participating in the MSHA investigation. No party challenged the finding that the suspension without pay was an adverse action. The ALJ then found that the protected activity motivated the adverse action, and that Franks and Hoy had thus made a prima facie case of discrimination. Finding that Emerald failed to rebut this prima facie case, the ALJ concluded that Emerald had discriminated against Franks and Hoy in violation of 30 U.S.C. § 815(c)(1). The ALJ recognized but did not rule on the interference claim.

B.

The Commission reviews the ALJ's decision according to the same standard we employ: it reviews legal conclusions de novo and factual conclusions according to the substantial evidence test. Rochester & Pittsburgh Coal Co. v. Sec'y of Labor, 11 F.M.S.H.R.C. 2159, 2163 (1989).

Commissioners Young and Cohen issued what was labeled the decision of the Commission, and they affirmed the ALJ's finding of discrimination. They agreed that

7

Franks and Hoy had engaged in protected activity and that the suspension was an adverse action, and they concluded that substantial evidence supported the ALJ's finding that the protected activity motivated the adverse action.

In so concluding, they observed that substantial evidence supported the finding that Emerald already knew the identity of the fireboss but continued to question Franks and Hoy anyway. They observed that "the record does not indicate that Emerald put any real pressure on Moore to provide support for a purported disciplinary action against a fireboss," JA 25, and that Cole received no punishment after he recanted, although "[i]f mine management thought that Cole's complaint might be valid, allowing a witness to change his story would be harmful to the operator's investigation, while pressuring a witness to recant and rewarding him for doing so could only serve the interest of burying the issue." JA 25–26 n. 10.

Commissioners Young and Cohen observed that the Secretary of Labor ("the Secretary") filed an amicus curiae brief arguing that Franks and Hoy had asserted colorable claims for interference under 30 U.S.C. § 815(c)(1) in addition to their claim of discrimination under that provision. Commissioners Young and Cohen noted that they "agree with the Secretary and the UMWA that the Mine Act establishes a cause of action for unjustified interference with the exercise of protected rights which is separate from the more usual intentional discrimination claims," but they explicitly declined to reach the interference question because they found that substantial evidence supported the ALJ's discrimination determination. JA 31.

8

Commissioners Jordan and Nakamura wrote a concurring opinion in which they rejected the discrimination claim as not supported by substantial evidence but found that Franks and Hoy had adequately proven an interference claim under 30 U.S.C. § 815(c)(1) and were entitled to relief on that ground.[2] Commissioners Jordan and Nakamura distinguished this interference finding from a discrimination finding by saying that no evidence of discriminatory animus was necessary for an interference claim: "we are not imputing any discriminatory intent . . . in this analysis; nor do the miners need to prove intent under the interference prong of section 105(c)." JA 40.

Commissioner Althen dissented, finding no discrimination because "[i]t cannot rationally be inferred that the necessary follow-up investigation by management to a claim of serious malfeasance, conducted in an appropriate manner through two and three interviews, respectively, by appropriate personnel with union representatives present is hostile, harassing, and discriminatory." JA 59–60  Althen did recognize that the Act contains a separate cause of action for interference, JA 52, but he did not find that interference by Emerald had occurred here.

## C.

Under the Supreme Court's decision in <u>Chenery</u>, we are limited to the rationale the agency provided, and here, two conflicting rationales supported the finding that Emerald violated the Mine Act and that Hoy and Franks were entitled to relief.

---

[2] Commissioners Jordan and Nakamura did not offer any reasoning to support this conclusion, stating only, "we determine that substantial evidence does not support the Judge's finding that the operator's proferred motive was pretextual." JA 32.

The Court of Appeals for the District of Columbia Circuit has declined to review agency decisions in similar cases. For example, in Oil, Chem. & Atomic Workers, a National Labor Relations Act ("NLRA") case, an ALJ found that the employees' conduct was protected under the NLRA. 46 F.3d at 86. The employees appealed to the National Labor Relations Board ("NLRB"), which reversed in a two-member opinion. A third member concurred in the judgment, and a fourth member dissented. The court remanded, concluding, "we are unable to discern the policy of the Board in a case in which the entire Board purported to address the underlying issue. We therefore hold that the Board has not adequately articulated its policy in this case and that its decision is thus not properly reviewable in this court." Id. at 85. The court reasoned that though "[a] majority of the Board agreed on a result," "the plurality, concurring, and dissenting opinions have no other common ground." Id. at 88. It concluded that "where the result hinges on the Board's definition of the underlying legal right at issue, we will not defer to the Board's disposition because we cannot comprehend a basis for the result reached." Id.; see also KIRO, Inc. v. FCC, 545 F.2d 204, 208 (D.C. Cir. 1976) (remanding an order by the Federal Communications Commission because it was "based on two ostensibly contradictory rationales," in that "[t]he rationales of the main and concurring opinions appear to be at odds," and so "[i]t follows that since the basis for the order cannot be discerned, it cannot stand."); cf. Chicago Local No. 458-3M v. NLRB, 206 F.3d 22, 29 (D.C. Cir. 2000) (affirming split NLRB decision because, in spite of the split, "an examination of the separate opinions shows that there is a majority[-]supported statement

10

of the rule that the Board applied and will be applying in the future") (quotation marks and alteration omitted).

In Cumberland, we affirmed an agency decision where the Federal Mine Safety and Health Review Commissioners were evenly split. There, the ALJ upheld three MSHA citations of a mining company, and when the company appealed, the Commission affirmed one citation and with respect to the other two citations, split evenly. We treated this split as an affirmance, noting, "[i]n an evenly split decision . . . the Commission also affirmed the ALJ's finding that Cumberland had violated the same regulation." Cumberland, 515 F.3d at 252. In doing so, we relied on the doctrine that "[t]he effect of a split decision is to allow the ALJ's decision to stand as if affirmed." Id. at 259. We thus treated the ALJ's reasoning as the agency's rationale.

Franks and Hoy urge us to take the same approach here and treat the split decision finding a violation of the Mine Act and granting Hoy and Franks relief as an affirmance. (July 1, 2015 Franks and Hoy Letter Brief). However, unlike in Cumberland, treating the split as an affirmance here would lead us to hold an employer liable for discrimination when a majority of the Commission apparently found that it did not engage in discriminatory conduct. In Cumberland, two of the four commissioners who wrote found that the operator had committed a safety violation, and so there was no majority-supported rationale that foreclosed such a finding. Here, where three of the five commissioners found that Emerald did not discriminate in violation of the Mine Act, three of five did not determine that unlawful interference occurred, and yet four of five agreed that the Mine Act was violated and relief was appropriate, we believe the agency

11

should have a chance to explain its reasoning.  Following the rule in <u>Chenery</u>, we will remand to allow the Commission to set forth a rationale the majority supports.

We express no opinion as to how the Commission may decide the discrimination or interference issues or whether it should remand the case to the ALJ to conduct the interference analysis in the first instance as provided in 30 U.S.C. § 823(d)(2).

IV.

For the foregoing reasons, the petitions are hereby granted and the decisions of the Commission are vacated and remanded.